UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN C. JANSON,

    Plaintiff,

v

EGYPT VALLEY COUNTRY CLUB
*et al.*,

    Defendants.
_____/

Case No. 1:08-cv-981

HON. JANET T. NEFF

## **OPINION**

This removed case arises out of the October 2007 termination of plaintiff Janson's employment as the "Director of Golf" at Egypt Valley Country Club. Defendants filed a Motion for Partial Dismissal and/or Partial Judgment on the Pleadings (Dkt 40), which was referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation, recommending that this Court grant in part and deny in part defendants' motion. Specifically, the Magistrate Judge recommends that plaintiff's eight-count Second Amended Complaint be dismissed with prejudice except for Count 4; Count 5 as to defendant Phillip B. Todd only; and Counts 6 and 7 as to defendants Stephen Pastoor, Jeffrey Lawson, Wayne P. Bryan, David Russell, and Phillip B. Todd only, which should be allowed to proceed.

The matter is presently before the Court on objections to the Report and Recommendation from both plaintiff and defendants. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

Recommendation to which objections have been made. The Court denies plaintiff's objections, and denies in part and grants in part defendants' objections.

## I. Plaintiff's Objections

Plaintiff objects to the recommended dismissal with prejudice of Counts One, Three, and Eight of his Second Amended Complaint (Dkt 86). Defendants filed a response to plaintiff's objections (Dkts 89-90). Plaintiff's objections do not reveal any legal or factual error by the Magistrate Judge and are therefore properly denied.

### A. *Count One (Breach of Contract)*

Plaintiff agrees that adopting the Magistrate Judge's reasoning that the amendments were not void for lack of consideration would require the dismissal of Count Two, but plaintiff argues that the Magistrate Judge's reasoning does not support the dismissal of Count One, wherein plaintiff alleges that his termination was a breach of his 2001 contract (Dkt 86 at 3). According to plaintiff, the 2004 and 2007 amendments of the 2001 contract did not render it void but "incorporated" it expressly by reference and amended certain terms (*id.*).

As defendants point out, plaintiff's argument "misses the mark entirely" (Dkt 89 at 2). Because both the 2004 and 2007 agreements were enforceable, the fact that both explicitly state that they supersede and replace all prior employment agreements in their entirety is binding on plaintiff. (*id.*). Consequently, the Magistrate Judge did not err in concluding that plaintiff cannot, at this point, sue for a breach of the 2001 agreement where he agreed to modify the contract and continue working for Egypt Valley Country Club (Dkt 85 at 6).

2

**B.** *Count Three (Retaliatory Discharge)*

Plaintiff requests that this Court reject the Magistrate Judge's recommendation to dismiss Count Three because "[d]iscovery may very well reveal information that supports the Plaintiff's contention that he was fired for refusing to mislead anyone about the validity of the claims being made against Defendant Pastoor" (Dkt 86 at 4). Alternatively, plaintiff requests that this Court dismiss Count Three without prejudice, to afford him the opportunity to seek leave to have the claim reinstated (*id.*).

Plaintiff's argument does not reveal any factual or legal error in the Magistrate Judge's analysis, and this Court is disinclined to grant his alternative request to dismiss this count without prejudice. As defendants point out, even if discovery confirmed what plaintiff believes it might – that he was fired for "refusing to mislead anyone" – such evidence could not be stretched to show that defendants instructed plaintiff to commit perjury (Dkt 89 at 5). Therefore, the proposed amendment would be futile.

Further, as the Magistrate Judge noted, plaintiff's misnamed "Second Amended Complaint" is actually his fourth complaint (Dkt 85 at 1, n.2). Plaintiff has amended his pleadings several times to conform to what seems to be "ever-shifting theories of recovery" (*id.*). Therefore, in addition to being futile, a fifth amended pleading would result in undue delay and unfair prejudice to defendants. *See Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 458-59 (6th Cir. 2001) (stating that among the factors to consider in determining whether to grant a motion to amend are "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment") (citation omitted).

### C. *Count Eight (Racketeer Influenced and Corrupt Organizations)*

Plaintiff objects to the Magistrate Judge's analysis of his RICO claim, opining that he pled the claim with sufficient specificity and that dismissal would therefore be improper (Dkt 86 at 5-6). Plaintiff requests that the Court either reject the recommendation to dismiss Count Eight, or in the alternative, dismiss the claim without prejudice and permit plaintiff to seek leave for reinstatement of Count Eight "should discovery provide documentation in order to support the reinstatement of the claim" (*id.* at 6).

Plaintiff's argument does not reveal any factual or legal error in the Magistrate Judge's analysis, and this Court is again disinclined to grant his alternative request to dismiss this count without prejudice where plaintiff does not explain how he would state a *Twombly*-plausible RICO claim in a fifth complaint. The Magistrate Judge carefully and correctly analyzed the allegations of purported racketeering activity, and the Court agrees with the Magistrate Judge's conclusion that, despite the invocation of RICO language, plaintiff's claim involves nothing more than a routine business dispute as opposed to long-term criminal activity. Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss plaintiff's RICO claim with prejudice.

## II. Defendants' Objections

Defendants object to the recommended denial of their motion as to Counts Four, Five, Six and Seven of plaintiff's Second Amended Complaint (Dkts 87-88). Plaintiff did not file a response to defendants' objections. The Court denies in part and grants in part defendants' objections.

### A. *Count Four (Dissolution)*

Section 825 of Michigan's Nonprofit Corporation Act, MICH. COMP. LAWS § 450.2825(1), provides that the court "may adjudge the dissolution of, and liquidate the assets and affairs of, a

corporation, in an action filed by a shareholder, member, or director when it is established that the acts of the directors or those in control of the corporation are illegal, fraudulent, or wilfully unfair and oppressive to the corporation or to such shareholder or member or contrary to the purposes of the corporation."

Defendants argue that plaintiff's Count Four must be dismissed because plaintiff does not have standing to bring this state law claim for dissolution where (1) he is not a member of Egypt Valley Country Club, and (2) he has not alleged an injury separate and distinct from any alleged injury to the corporation (Dkt 87 at 6).

1. Membership

Plaintiff's allegations about his membership status are contained in the following two paragraphs:

> 9. Plaintiff is a member of the Club. In addition to being afforded membership in the Club in his employment contract, Plaintiff was awarded an honorary membership to the Club in 1979 by the President of the Board of Directors at a ceremony held by the club for his exemplary play in the professional golf tournaments that year including the U.S. Open and the National PGA.
>
> Plaintiff was assigned a member number that was used to "sign" for his charges at the club and at other clubs; his privileges were identical to every other member with the distinction that they were without charge as a term of his employment contract.
>
> * * *
>
> 53. Plaintiff Lynn C. Janson is a member of Egypt Valley Country Club. This membership was awarded to him not only as a condition of his employment, but also as a benefit awarded to Plaintiff in 1979 by the Club. As a result, Lynn C. Janson, in spite of his termination, continues to be a member of the Club. Plaintiff was assigned a member number and his membership privileges were not distinguishable from any other member. As such, Plaintiff has standing pursuant to MCL 450.2825.

Second Amended Complaint (Dkt 66). The Magistrate Judge found that these allegations were "sufficient to defeat defendants' motion" (Dkt 85 at 9).

The Court agrees with defendants that plaintiff's membership claim need not be accepted as true where the claim is unwarranted by the facts. *See Caruana v. Gen. Motors Corp.,* 204 F. App'x 511, 515, 2006 WL 2873178, *4 (6th Cir. 2006) (concluding in case brought by purported "automobile dealer" under the Automobile Dealers' Day in Court Act that "without allegations of fact to support 'dealer' status, 12(b)(6) dismissal fits").

Defendants assert that the evidence in this case contradicts plaintiff's allegation that he is a member of the Club (Dkt 87 at 9). Specifically, defendants point to

1. Plaintiff's employment contract, which states that plaintiff may "use the Club facilities and privileges accorded to a member" (Dkt 46-2 at § III (B)(6));

2. A provision in the Club's bylaws, which defendants assert establishes that even if plaintiff had been granted an "honorary membership," such a membership did not give him any voting rights or any other rights afforded a statutory "member" (Dkt 70-10 at Art. IV § 7.14); and

3. Other provisions of the bylaws, which distinguish between "shareholders" and "members" (including "honorary members"), but provide only that "the Club may be dissolved by the shareholders or the Board of Directors as provided by law" (Dkt 70-10 at Art. III §§ 7.5, 7.15, 14.1).

*Id.*

The Court has carefully reviewed the provisions of the bylaws that defendants reference and is not persuaded by defendants' argument. Section 7.14 does not, as defendants suggest, indicate that plaintiff's "honorary membership" did not give him "any" voting rights. Section 7.14 states only that "non-playing members admitted to membership after August 1, 1989, shall not be entitled to vote on any proposed increase in the number of playing memberships."

While § 14.1 of the bylaws provides, as defendants state, that "the Club may be dissolved by the shareholders or the Board of Directors as provided by law," this provision is titled "Discretionary Dissolution of Club." The type of dissolution contemplated by § 825 of Michigan's Nonprofit Corporation Act is, of course, not a "discretionary" dissolution but an involuntary dissolution. *See generally* 6 MICH. CIV. JUR. CORPORATIONS § 458 (May 2010). Therefore, defendants' reliance on this provision of the bylaws is also misplaced.

In sum, while the Court agrees with defendants that plaintiff's membership claim need not be accepted as true where the claim is unwarranted by the facts, defendants' argument does not demonstrate any error by the Magistrate Judge in concluding that plaintiff's factual allegations were sufficient.[1]

2. Separate Injury

Relying on case law discussing a claim brought under MICH. COMP. LAWS § 450.1489, defendants next argue that plaintiff cannot bring a claim under MICH. COMP. LAWS § 450.2825 because the only injuries he alleges in Count IV are injuries to the corporation (Dkt 87 at 11-15). Defendants' argument is the same argument considered and properly analyzed and rejected by the Magistrate Judge (Dkt 85 at 9-10). The Court agrees with the Magistrate Judge's determination that a claim for money damages and the present claim for dissolution are not essentially the same claims, especially given the language of § 2825, which provides for dissolution where the acts of the directors or those in control of the corporation are illegal, fraudulent, or wilfully unfair and

---

[1] Indeed, in reviewing defendants' exhibit 70-10, the Court located bylaw § 7.6, which provides that "[a]ll members, *regardless of class,* shall have *equal* rights and privileges of membership in the Club, except as stated in Section 7.7" (emphases added). The Court is unable to consider the import, if any, of the exception stated in § 7.7, a provision that apparently describes the twelve classes of membership, as § 7.7 was not within exhibit 70-10.

7

oppressive "to such shareholder or member" (Dkt 85 at 12 (quoting MICH. COMP. LAWS § 450.2825(1)).

Further, the Court disagrees with defendants' request in a footnote to their objections that the Court dismiss Egypt Valley Country Club as a defendant from Count IV because, defendants assert, "only the directors or those 'in control of the corporation' may be defendants, not the corporation itself" (Dkt 87 at 10, n.7). Defendants do not provide authority for their request. The statute, while it directs a court to examine the acts of the directors or those in control of the corporation, does not concomitantly indicate that the directors or those in control of the corporation would be the only properly named defendants in a dissolution claim. MICH. COMP. LAWS § 450.2825(1).

The Court also denies defendants' request made in the same footnote to limit plaintiff's potential relief in Count IV to dissolution only. The statute expressly provides that a court upon establishment of a ground for dissolution "may make such order *or* grant such relief, other than dissolution, as it deems appropriate." MICH. COMP. LAWS § 450.2825(2)(a)-(d) (emphasis added).

**B.** *Count Five (Invasion of Privacy – False Light)*

Defendants disagree with the Magistrate Judge's recommendation to deny their motion to dismiss Count Five as to defendant Todd (Dkt 85 at 13). According to defendants, plaintiff's allegation that Todd "accused Townsley and Plaintiff…of a conspiracy to 'get rid of' Stephen Pastoor as the [COE] of [the Club]" (Dkt 66 at ¶ 66), is "not enough to state a claim for false light because, even if true, the statement was privileged" (Dkt 87 at 14-15). However, the Court agrees with the Magistrate Judge that plaintiff stated a plausible false-light invasion-of-privacy claim where the privilege is not absolute but permits recovery where a plaintiff shows that the privileged

8

statement was both false and malicious. *See Freeman v. Unisys Corp.,* 898 F. Supp. 485, 491 (E.D. Mich. 1995) (citing *Bacon v. Mich. Cent. R.R. Co.,* 33 N.W. 181, 183 (Mich. 1887)).

**C.** *Counts Six & Seven (Tortious Interference)*

Last, defendants disagree with the Magistrate Judge's recommendation to deny their motion to dismiss Counts Six and Seven as to the individual defendants (Dkt 85 at 14). Defendants argue (1) that plaintiff has not alleged that the individual defendants acted for strictly personal motives and (2) that plaintiff's claim for "Tortious Interference with Business and Social Relationships" (Count VII) is redundant and fails to state a claim. The Court finds defendants' first argument persuasive and therefore has not addressed the second argument supporting this objection.

Citing *Reed v. Michigan Metro Girl Scout Council,* 506 N.W.2d 231, 233 (Mich. App. 1993), the Magistrate Judge acknowledged that "under Michigan law, plaintiff cannot maintain an action against Egypt Valley Country Club for tortious interference with its own business relationship with plaintiff" (Dkt 85 at 14). In *Reed,* the Michigan Court of Appeals held that "[t]o maintain a cause of action for tortious interference, the plaintiffs must establish that the defendant was a 'third party' to the contract or business relationship." The appellate panel observed that "[i]t is now settled law that corporate agents are not liable for tortious interference with the corporation's contracts unless they acted solely for their own benefit with no benefit to the corporation." *Id.*

The Magistrate Judge determined that paragraphs 70 and 75 of plaintiff's Second Amended Complaint were "sufficient to raise the issue of whether Defendants were acting for their own benefit and strictly personal motives" (Dkt 85 at 14). The paragraphs provide the following:

> 70. Defendants intentionally and systematically, interfered with the Plaintiff's contract by misleading the Plaintiff and the Shareholders of the Club about the terms of the Contract, representing to shareholders that Plaintiff was "conspiring" against Defendant Pastoor, threatening the Plaintiff to amend

9

        and alter the Contract without consideration and ultimately forcing the breach of the contract altogether by the Club.

75.    Defendant[]s intentionally and systematically interfered with the Plaintiff's business and personal relationships by misleading the Plaintiff and the Shareholders of the Club about the terms of the Contract, representing to shareholders that Plaintiff was "conspiring" against Defendant Pastoor, threatening the Plaintiff to amend and alter the Contract without consideration and even forcing the Plaintiff to "sell" his pro shop, against his will, to the club under misleading threats of termination.

Second Amended Complaint (Dkt 66).

Defendants argue that the paragraphs upon which the Magistrate Judge relied do not support the conclusion that plaintiff sufficiently pleaded any factual allegations that the individual defendants acted for strictly personal motives (Dkt 87 at 19). The Court agrees. Even accepting the allegations in paragraphs 70 and 75 as true, the allegations therein neither state nor even suggest what benefit, if any, motivated the individuals' actions, let alone whether the individuals acted for "strictly" personal motives. Therefore, the Court determines that plaintiff has not sufficiently pleaded Counts Six and Seven under Michigan law, and defendants are properly entitled to dismissal of these counts.

### III. Conclusion

For the reasons stated, the Court denies plaintiff's objections in their entirety (Dkt 86), denies in part and grants in part defendants' objections (Dkts 87-88), and rejects in part and approves in part the Magistrate Judge's Report and Recommendation (Dkt 85) as the Opinion of the Court. Accordingly, defendants' Motion for Partial Dismissal and/or Partial Judgment on the Pleadings (Dkt 40) is granted in part and denied in part for the reasons stated.

An Order will be entered consistent with this Opinion.


Dated: June 10, 2010                          /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge